## MERIDIAN & M. RY. Co. *v.* BETBEZE.

### [72 South. 233.]

1. EMINENT DOMAIN. *Right of defendant to damages. Statute. Excessive judgment.*

   Under Code 1906, section 1877, so providing, where a railway company instituted an eminent domain proceeding against plaintiff and dismissed the same, plaintiff was entitled to recover of the railway company in an action brought therefor, all reasonable expenses, including attorney fees, incurred by him in defending the suit.

2. SAME.

   In such case where the property sought to be condemned was valuable and the defendant in such proceeding had employed counsel who had prepared their case and were ready for trial when the proceeding was dismissed, a judgment for the defendant therein (plaintiff here) of five hundred dollars for attorney fees, twenty-five dollars for loss of defendant's time and seventy-five dollars for the expense of hiring a man to assist in preparing the case, was not excessive.

APPEAL from the circuit court of Lauderdale county.
HON. JOHN L. BUCKLEY, Judge.

Suit by L. Betbeze, Sr., against the Meridian & Memphis Railway Company.  From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*Neville, Stone & Currie,* for appellant.

*Fewell & Cameron,* for appellee.

POTTER, J., delivered the opinion of the court.

On January 10, 1914, the appellant company instituted eminent domain proceedings against the appellee, the owner of certain property in Meridian, Miss., and the Georgia State Savings Association, of Savannah, Ga., which held a mortgage on the property sought to be condemned.  The writ was issued by the circuit clerk, and made returnable on January 20, 1914, and a special court convened on that day.  The attorneys for the appellant were not satisfied with the sufficiency of the service had upon the Georgia State Savings Association, and therefore dismissed the entire suit.

After the dismissal of the above-mentioned suit, the present suit was instituted by L. Betbeze, Sr., the appellee, in the circuit court of Lauderdale county, to recover for expenses incurred by him in defending the said suit; his suit being brought under provisions of section 1877, Code of 1906.  This Code section is as follows:

"Defendant to Have Right of Action for Additional Damages in Certain Cases.—In case the plaintiff shall fail to pay the damages and costs awarded to the defendant within ninety days from the date of the rendering of the final judgment, if such judgment is not appealed from, or within ninety days after the affirmance of such final judgment on appeal, or in case the suit shall be dismissed by the plaintiff, or the judgment be that the

plaintiff is not entitled to a judgment condemning the property, the defendant may recover of the plaintiff in an action brought therefor, all reasonable expenses, including attorney's fees, incurred by him in defending the suit.''

Another suit against the same defendants, to condemn the identical property, was within a short time after the dismissal of the first suit filed by the appellant, and it is insisted that:

The ''dismissal referred to in section 1877 of the Code of 1906 means an abandonment of the condemnation proceedings, and that the statute does not apply where, because of failure to obtain sufficient service on a party defendant, the plaintiff dismisses its own suit with an intention to institute a second proceeding.''

And appellant set up, by way of affirmative matter under the plea of the general issue, that it had dismissed the first eminent domain proceeding because the Georgia State Savings Association had not been legally summoned, and that it had dismissed said suit in order to bring another suit, so that all parties having an interest in said land could be made defendants in said eminent domain suit, and that said suit had already been brought by the defendant and is pending in the eminent domain court, with all the parties having an interest in the suit made defendants therein. The appellee thereupon filed a motion to strike said notice of affirmative matter under the general issue from the files, as not constituting a defense. This motion was sustained, and upon the action of the court in sustaining this motion the appellant relies for a reversal of this case.

The affirmative matter set out under the plea of the general issue presented no defense to this suit and was rightfully stricken out. Under the plain and unambiguous language of the statute, appellant became liable for the expense incurred by the defendant in the eminent domain proceedings when it dismissed its suit.

The appellant complains of the amount of damages awarded in this suit. The property sought to be condemned was very valuable. The attorneys had prepared their case and were ready for trial, and the evidence for appellee shows that their services were worth five hundred dollars. The jury so found, and we cannot say that this amount is excessive. Appellee was allowed twenty-five dollars for his own loss of time, and seventy-five dollars for one Martin Seegars, a man employed to assist in preparing the case. The testimony in the case fully justifies the finding as to these two items. The entire judgment was for six hundred dollars, and we will not disturb it.

*Affirmed.*